# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52849-5-II |
| Respondent, | |
| v. | |
| BRANDON JAMES ANTHONY DARYLE GANIS, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Brandon Ganis appeals his sentence following his conviction for possession of a controlled substance.  He argues that the trial court erred by ordering him to pay community custody supervision fees despite his indigency.  Because Ganis failed to preserve this issue for appeal we do not address it, and we affirm.

## FACTS

A jury found Ganis guilty of possession of a controlled substance.  On December 11, 2018, the trial court sentenced Ganis to 7 months of confinement and 12 months of community custody.  The trial court waived all discretionary costs, but imposed a crime victim penalty assessment and community custody supervision fees as determined by the Department of Corrections.  Ganis did not object to the imposition of any legal financial obligations (LFO).  Ganis appeals his judgment and sentence.

## ANALYSIS

Citing the 2018 amendments to Washington's LFO laws and *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), Ganis argues the trial court improperly ordered him to pay community

No. 52849-5-II

custody supervision fees based on his indigence. We decline to reach this issue because it was not preserved. RAP 2.5(a).

RAP 2.5(a) generally precludes review of errors raised for the first time on appeal. Ganis was sentenced over two months after our Supreme Court's decision in *Ramirez*, which was filed on September 20, 2018. Yet he did not object to the trial court's imposition of community custody supervision fees. Ganis makes no argument as to why we should exercise our discretion to consider this issue. Accordingly, this issue is not adequately preserved for review, and we do not consider it.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

_____
Lee, C.J.

_____
Sutton, J.

2